1   JENNIFER A. SKLENAR (SBN 200434)
    jennifer.sklenar@aporter.com
2   **ARNOLD & PORTER LLP**
    777 South Figueroa Street, 44th Floor
3   Los Angeles, CA 90017
    Telephone:    213-243-4000
4   Facsimile:    213-243-4199
5
    *Attorneys for Proposed*
6   *Intervenor-Defendant/*
    *Counter-Claimant*
7   *General Electric Company*
8
9                   UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                      WESTERN DIVISION

12  NEUROGRAFIX; NEUROGRAPHY         Case No. 2:11-cv-07591-MRP-RZ
    INSTITUTE MEDICAL ASSOCIATES, INC.;
13  IMAGE-BASED SURGICENTER          **GENERAL ELECTRIC COMPANY'S**
    CORPORATION; and WASHINGTON      **NOTICE OF MOTION TO INTERVENE**
14  RESEARCH FOUNDATION,             **PURSUANT TO FED. R. CIV. P. 24 AND**
                                     **MEMORANDUM IN SUPPORT**
15              Plaintiffs,
                                     Hearing Date: Monday, April 23, 2012
16        v.                         Time:         11:00 a.m.
                                     Courtroom:    12
17  THE REGENTS OF THE UNIVERSITY OF Judge:        Hon. Mariana R. Pfaelzer
    CALIFORNIA,
18
                Defendant.
19

20

21

22

23

24

25

26

27

28

GE Mot. To Intervene
Case No. 2:11-cv-07591-MRP-RZ

ORIGINAL

*lodged prop order*

FILED

2012 MAR 22 AM 10:
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

## TABLE OF CONTENTS

Page

I.      Preliminary Statement ........................................................................................... 1

II.     Statement Of Facts ............................................................................................... 1

        A.      Plaintiffs' Allegations Implicate GE Products ................................................. 1

        B.      Plaintiffs Intend To Pursue Other GE Customers .......................................... 2

III.    GE May Intervene As Of Right To Protect Its Interests In The Subject Matter Of This
        Action ........................................................................................................................ 2

IV.     Alternatively, GE Should Be Permitted To Intervene Because It Shares A Common Defense
        With UC.................................................................................................................... 4

V.      Conclusion.................................................................................................................. 4

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ancora Techs., Inc. v. Toshiba Am. Info. Sys., Inc.,*
    No. CV 08-0626, 2008 WL 4326788 (C.D. Cal. Sept. 22, 2008) .................................................. 3

*Arakaki v. Cavetano,*
    324 F.3d 1078 (9th Cir. 2003) ............................................................................. 2, 3

*Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.,*
    No. Civ. A 04-1337, -1338, -1536, 2005 WL 2465898 (D. Del. May 18, 2005) ..................... 3, 4

*Reid v. General Motors Corp.,*
    240 F.R.D. 257 (E.D. Tex. 2006) ........................................................................... 5

*Stewart-Warner Corp. v. Westinghouse Elec. Corp.,*
    325 F.2d 822 (2d Cir. 1963) ............................................................................... 3

**RULES**

Fed. R. Civ. P. 24(a) ......................................................................................... 2

Fed. R. Civ. P. 24(b) ......................................................................................... 4

1   PLEASE TAKE NOTICE that on April 23, 2012, or as soon thereafter as the matter may be

2   heard in Courtroom 12 of the above-titled Court, General Electric Company ("GE") will and hereby

3   does move the Court pursuant to Fed. R. Civ. P. 24 to intervene as a defendant and counter-claimant in

4   this matter.  GE expects that its counter-claims would be for a declaration of non-infringement and

5   invalidity of the patent-in-suit.

6   **I.     PRELIMINARY STATEMENT**

7   In their recently-served infringement contentions, Plaintiffs NeuroGrafix, Neurography

8   Institute Medical Associates, Inc., Image-Based Surgicenter Corporation and Washington Research

9   Foundation (collectively, "Plaintiffs") accused Defendant, the Regents of the University of California

10  ("UC"), of infringing the patent-in-suit based, in part, upon UC's alleged use of seven GE magnetic

11  resonance ("MR") imaging products.  As a manufacturer of the accused products and an indemnitor of

12  UC, GE should be permitted to intervene to protect its interests with respect to the products alleged to

13  infringe in this case.  In addition, Plaintiffs have stated publicly that they intend to assert their patent

14  rights against purported "unlicensed infringers," and have specifically identified "users of MRI

15  equipment from GE" other than UC as their targets.  Thus, GE also has a substantial interest beyond

16  the instant case in intervening to defend its products against Plaintiffs' claims.

17  **II.    STATEMENT OF FACTS**

18  **A.     Plaintiffs' Allegations Implicate GE Products**

19  Plaintiffs filed a lawsuit on October 15, 2010, asserting multiple state law claims against UC

20  relating to UC's alleged use of neurography.  (Dkt. 1, Ex. A.)  In exchange for Plaintiffs' dismissal of

21  its state law claims and its agreement not to pursue those or any other state law claims against UC, UC

22  waived its sovereign immunity as to a patent infringement cause of action in federal court.  (Dkt. 1 ¶ 9

23  & Ex. A.)

24  Plaintiffs filed this action on September 14, 2011, alleging that UC infringes U.S. Patent No.

25  5,560,360, entitled "Image Neurography and Diffusion Anisotropy Imaging" (the "'360 patent").  (*Id.*

26  ¶¶ 1, 11).  The complaint did not identify any accused products.  (*See generally id.* ¶¶ 14-15, 17-18.)

27  On March 9, 2012, Plaintiffs served a Disclosure of Asserted Claims and Infringement Contentions,

28  identifying 20 asserted claims and identifying for the first time the specific accused devices.  (Sklenar

1  Decl., Ex. 1 [Mar. 9 contentions] at 1-2, 3 (listing six GE products).)  Plaintiffs amended their

2  contentions three days later, accusing a total of seven GE products:  GE 1.5T SignaHDx, GE Signa

3  LX, GE 1.5T Signa, GE 1.5T Signa Echospeed, GE 1.5T EXCITE HD, GE 3T Signa HD, GE 3T

4  EXCITE, and related software.  (*Id.*, Ex. 2 [Mar. 12 contentions] at 2.)  UC has notified GE that it may

5  be required to defend and indemnify UC in this matter.

6        **B.**    **Plaintiffs Intend To Pursue Other GE Customers**

7        NeuroGrafix has publicly indicated that it intends to assert the '360 patent against other GE

8  customers, and warned GE customers that they must obtain a license from NeuroGrafix.  Its website

9  contains the following statement dated November 23, 2011:

10        At this time, ***NeuroGrafix advises & reminds users of MR Neurography, Diffusion

11        Tensor Imaging (DTI, HARDI, and Q-Ball), or Diffusion Subtraction Neurography that they may be infringing US Patent 5,560,360*** and its foreign equivalents if they are

12        in the US, Japan, Europe, Canada or Australia ***if neither they nor their MRI manufacturer has a license***.  Please contact NeuroGrafix by email with any inquiries.

13  

14        ***There may be no license in place for users of MRI equipment from GE***, Philips, Toshiba, or BrainLab.

15        Patent infringement litigation between NeuroGrafix and the Regents of the University

16        of California is ongoing in U.S. Federal District Court.

17        ***Aaron Filler, MD, PhD, the CEO of NeuroGrafix says: "NeuroGrafix intends to continue to assert its patent rights against unlicensed infringers."***

18  (Sklenar Decl., Ex. 3 [Nov. 23, 2011 Press Release] (emphasis added).)

19  **III.**  **GE MAY INTERVENE AS OF RIGHT TO PROTECT ITS INTERESTS IN THE

20        SUBJECT MATTER OF THIS ACTION**

21        As the manufacturer of seven products accused of infringing the '360 patent, GE should be

22  permitted to intervene in this matter as of right.  Under Rule 24(a), intervention is appropriate where:

23        (1) the applicant [] timely move[s] to intervene; (2) the applicant [has] a significantly protectable interest relating to the property or transaction that is the subject of the

24        action; (3) the applicant [is] situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest [is

25        not] adequately represented by existing parties.

26  *Arakaki v. Cavetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citation omitted); *see also* Fed. R. Civ. P.

27  24(a).  Rule 24(a) "traditionally receives liberal construction in favor of applicants for intervention."

28  *Arakaki*, 324 F.3d at 1083 (citation omitted).

GE Mot. To Intervene
Case No. 2:11-cv-07591-MRP-RZ

1   GE meets each of Rule 24(a)'s requirements. *First*, GE's motion is timely. NeuroGrafix just
2   served infringement contentions on March 9 and March 12, 2012 that identified for the first time in this
3   action the specific accused products. (Part II.A, *supra*.) In addition, this case is still in its early stages.
4   A case management conference was held on February 28, 2011. (Dkt. 44.) A Markman hearing was
5   set for May 1, 2012 with simultaneous briefs due on April 20, 2012. (*Id.*) In addition, defendant's
6   invalidity contentions are due on April 9, 2012. (Feb. 28, 2012 Tr.)

7       *Second*, GE has a significant, protectable interest in the subject matter of this litigation as the
8   manufacturer of seven accused devices. As this Court found in *Ancora Techs., Inc. v. Toshiba Am.*
9   *Info. Sys., Inc.*, No. CV 08-0626, 2008 WL 4326788 (C.D. Cal. Sept. 22, 2008), a manufacturer "has
10  an obvious and direct interest in defending its [] customers in their use of Applicant's [] technology."
11  *Id.* at *1 (granting software manufacturer's unopposed motion to intervene in infringement case against
12  its customers who were accused of infringement based upon their use of Applicant's software and
13  technology); *see also Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, No. Civ. A 04-1337, -1338, -
14  1536, 2005 WL 2465898, *2-4 (D. Del. May 18, 2005) (granting manufacturers' motions to intervene
15  under Rule 24(a) based upon "compelling interest" where customers' liability depended upon whether
16  manufacturers' components infringed); *see also Stewart-Warner Corp. v. Westinghouse Elec. Corp.*,
17  325 F.2d 822, 825 (2d Cir. 1963) ("[t]here is no doubt of the propriety of [the] intervention as the
18  manufacturer and vendor ... of equipment alleged by [plaintiff] to be an infringement...").

19      *Third*, if GE is not permitted to intervene, its ability to protect its interests will be impaired. As
20  described above, GE's products are directly at issue. *See Honeywell*, 2005 WL 2465898 at *4
21  (manufacturer "can rightly claim that its interests will be impaired or affected, as a practical matter, by
22  the disposition of the action, unless it is involved in the case directly and able to make its positions
23  known"). All of GE's customers potentially face litigation with Plaintiffs over the '360 patent, as does
24  GE itself. (Sklenar Decl., Ex. 3.) This raises the very real possibility that multiple '360 infringement
25  suits will be pending in various forums throughout the country that concern GE's products, leading to
26  increased discovery burdens for GE (which undoubtedly will be requested to provide technical
27  information and to identify deponents with knowledge regarding the accused products) and
28  inconsistent outcomes across the various cases as a result of different courts and different juries

-3-

GE Mot. To Intervene
Case No. 2:11-cv-07591-MRP-RZ

1  deciding similar issues.  Moreover, in the event that GE must indemnify its customers in the event that

2  they are found to infringe (or in the event that they settle with Plaintiffs to avoid litigation), Plaintiffs

3  may receive a windfall – one recovery from GE's customers and then another against GE itself.

4       *Fourth*, it is unlikely that UC can adequately represent GE's interests in this matter in the

5  absence of GE.  GE "is uniquely situated to understand and defend its own product[s]."  *Honeywell*,

6  2005 WL 2465898 at \*4 (manufacturer's interest would not be adequately represented by customers).

7  In addition, UC has no relationship with GE's other customers, and thus has no incentive to consider

8  their interests – or GE's – in litigating this case (or settling with Plaintiffs).

9       For all of these reasons, GE should be permitted to intervene as of right in order to protect its

10  interests.

11  **IV.  ALTERNATIVELY, GE SHOULD BE PERMITTED TO INTERVENE BECAUSE IT SHARES A COMMON DEFENSE WITH UC**

12

13       Even if GE may not intervene as of right, this Court should exercise its discretionary authority

14  under Rule 24(b) and permit intervention based upon GE's "claim or defense that shares with the main

15  action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  As the manufacturer of

16  products accused in this matter, GE's anticipated defenses and counterclaims of non-infringement and

17  invalidity would be based upon the same questions of law and fact as Plaintiffs' claims.  Accordingly,

18  permissive intervention is appropriate.  *Reid v. General Motors Corp.*, 240 F.R.D. 257, 260 (E.D. Tex.

19  2006) (granting manufacturer's motion to intervene under Rule 24(b) in lawsuit against its customers

20  where plaintiff contended that manufacturer's software is a substantial part of the allegedly infringing

21  system).

22  **V.  CONCLUSION**

23       For the reasons set forth above, GE requests that this Court grant its motion to intervene in this

24  matter as of right under Rule 24(a), or alternatively, that this Court permit GE to intervene pursuant to

25  Rule 24(b).

26

27

28

1 | Dated:  March 22, 2012

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

By: _____
Jennifer A. Sklenar (SBN 200434)
**ARNOLD & PORTER LLP**
44th Floor
777 South Figueroa Street
Los Angeles, CA  90017
Telephone:   (213) 243-4000
Facsimile:    (213) 243-4199
Email:          jennifer.sklenar@aporter.com

OF COUNSEL:

Matthew M. Wolf
**ARNOLD & PORTER LLP**
555 Twelfth Street, N.W.
Washington, DC  20004
Telephone:   (202) 942-5000
Facsimile:    (202) 942-5999
Email:          matthew.wolf@aporter.com

*Attorneys for Proposed Intervenor-Defendant/
Counter-Claimant General Electric Company*

1

**CERTIFICATE OF SERVICE**

2    I hereby certify that, on March 22, 2012, a copy of General Electric Company's Motion To

3  Intervene and all supporting documents were filed manually with the Clerk of Court.  Copies of the

4  documents have been served on the following counsel of record via electronic and regular U.S. mail:

5          Adam Hoffman (ahoffman@raklaw.com)
            Alexander C.D. Giza (agiza@raklaw.com)
6          Andrew D. Weiss (aweiss@raklaw.com)
            Fredricka Ung (fung@raklaw.com)
7          Marc A. Fenster (mfenster@raklaw.com)
            **Russ, August and Kabat**
8          12424 Wilshire Blvd., 12th Floor
            Los Angeles, CA  90025
9

          Heather N. Mewes (hmewes@fenwick.com)
10        Jennifer Jane Johnson (jjjohnson@fenwick.com)
           **Fenwick & West LLP**
11        555 California Street
           San Francisco, CA  94041
12

          Jeffrey V. Lasker (jlasker@fenwick.com)
13        Meredith L. Erdman (merdman@fenwick.com)
           **Fenwick & West LLP**
14        801 California Street
           Mountain View, CA  94041
15

          Carolyn C. Chang (cchang@fenwick.com)
16        **Fenwick & West LLP**
           275 Battery Street, 16th Floor
17        San Francisco, CA  94111

18

19

20                   Jennifer A. Sklenar

21

22

23

24

25

26

27

28