JENNIFER A. SKLENAR (SBN 200434)
jennifer.sklenar@aporter.com
**ARNOLD & PORTER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: 213-243-4000
Facsimile: 213-243-4199

*Attorneys for Intervenor-Plaintiff
General Electric Company*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| NEUROGRAFIX; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC.; IMAGE-BASED SURGICENTER CORPORATION; and WASHINGTON RESEARCH FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Defendant. | Case No. 2:11-cv-07591-MRP-RZ<br><br>**GENERAL ELECTRIC COMPANY'S INTERVENOR COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |
| GENERAL ELECTRIC COMPANY,<br><br>Intervenor-Plaintiff,<br><br>v.<br><br>NEUROGRAFIX; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC.; IMAGE-BASED SURGICENTER CORPORATION; and WASHINGTON RESEARCH FOUNDATION,<br><br>Defendants. | |

Having been granted leave to intervene in this matter (Dkt. 58), General Electric Company, by and through its attorneys, brings this intervenor complaint for declaratory judgment of non-infringement and invalidity against Defendants NeuroGrafix, Neurography Institute Medical Associates, Inc., Image-Based Surgicenter Corporation and Washington Research Foundation (collectively, "Defendants"), and in support thereof alleges as follows:

## THE PARTIES

1. Intervenor-Plaintiff General Electric Company ("GE") is a corporation that is organized and existing under the laws of the State of Delaware, with its principal place of business at 3135 Easton Turnpike, Fairfield, CT 06828.

2. Upon information and belief, Defendant NeuroGrafix is a California corporation with its principal place of business located at 2716 Ocean Park Boulevard, Suite 3075, Santa Monica, California.

3. Upon information and belief, Defendant Neurography Institute Medical Associates, Inc., is a California corporation with its principal place of business in Santa Monica, California.

4. Upon information and belief, Defendant Image-Based Surgicenter Corporation is a California corporation with its principal place of business in Santa Monica, California.

5. Upon information and belief, Defendant Washington Research Foundation is a not-for-profit corporation that is incorporated and existing under the laws of the State of Washington.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the Untied States of America, 35 U.S.C. § 1 *et seq.* This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a).

7. This Court has personal jurisdiction over the Defendants, and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), (c), by virtue of the Defendants having availed themselves of this forum when they filed their complaint against The Regents of the University of California (Dkt. 1).

## FACTUAL ALLEGATIONS

8. Defendants contend that the University of Washington is the owner by assignment of U.S. Patent No. 5,560,360 ("the '360 patent"), entitled "Image Neurography and Diffusion Anisotropy Imaging." (Dkt. 1, Ex. B.)

9. Defendants contend that Washington Research Foundation holds substantially all rights in the '360 patent and that it exclusively licensed substantially all rights in the '360 patent to NeuroGrafix in December, 1998, retaining only certain potential reversion rights.

10. Defendants have a history of asserting the '360 patent, having already sued Siemens Medical Solutions USA, Inc. and Siemens Aktiengesellschaft in the United States District Court for the Central District of California (Case No. 10-1990-MRP(RZX)), and having asserted infringement claims against The Regents of the University of California in the above-titled action.

11. Defendants have publicly indicated that they intend to assert the '360 patent against other GE customers. NeuroGrafix's website contains the following "NeuroGrafix Statement on U.S. Patent No, 5,560,360," which is dated November 23, 2011:

> At this time, NeuroGrafix advises & reminds users of MR Neurography, Diffusion Tensor Imaging (DTI, HARDI, and Q-Ball), or Diffusion Subtraction Neurography that they may be infringing US Patent 5,560,360 and its foreign equivalents if they are in the US, Japan, Europe, Canada or Australia if neither they nor their MRI manufacturer has a license. Please contact NeuroGrafix by email with any inquiries.
>
> There may be no license in place for users of MRI equipment from GE, Philips, Toshiba, or BrainLab.
>
> Patent infringement litigation between NeuroGrafix and the Regents of the University of California is ongoing in U.S. Federal District Court.
>
> Aaron Filler, MD, PhD, the CEO of NeuroGrafix says: "NeuroGrafix intends to continue to assert its patent rights against unlicensed infringers."

12. Defendants contend that certain "magnetic resonance hardware and software products capable of diffusion anisotropy imaging ('DAI'), diffusion tensor imaging ('DTI') and/or DTI tractography" infringe claims of the '360 patent.

13. Specifically, Defendants have alleged that the GE 1.5T SignaHDx, GE Signa LX, GE 1.5T Signa, GE 1.5T Signa Echospeed, GE 1.5T EXCITE HD, GE 3T Signa HD, GE 3T EXCITE magnetic resonance imaging systems, including unidentified "software," "associated workstations" and

"upgrade packages required … to perform DAI, DTI and/or DTI tractography," (collectively, "Accused Products") infringe claims of the '360 patent, and that the Regents of the University of California ("UC") indirectly infringe additional claims of the '360 patent through UC's use of the Accused Products.

14. GE sells the Accused Products.

15. In light of the Defendants' public statements, as well as their litigation history, GE reasonably believes that Defendants may sue GE or its customers for patent infringement based upon the Accused Products. Thus, the parties have a definite and concrete controversy.

16. GE unites with UC in defending against infringement claims brought by the Defendants as to the Accused Products.

17. GE believes that it has a right to make, use, import, offer to sell and/or sell the Accused Products free of any valid patent rights of the Defendants. GE also believes that the '360 patent is invalid.

### FIRST CAUSE OF ACTION: DECLARATION OF NON-INFRINGEMENT

18. GE repeats the allegations of the above paragraphs as if fully set forth herein.

19. Defendants have asserted the '360 patent against UC, a GE customer, in the above-titled action, alleging that the Accused Products infringe the '360 patent and that UC's use of the Accused Products indirectly infringes the '360 patent. Specifically, Defendants have asserted claims 36, 37, 39-44, 46, 47, 49-54, 63-66 ("Asserted Claims") against UC.

20. The Accused Products do not infringe any Asserted Claim of the '360 patent, and use of the Accused Products does not indirectly infringe any Asserted Claim, pursuant to 35 U.S.C. § 271.

21. There is an actual, substantial and continuing justiciable controversy between GE and the Defendants having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding non-infringement of the '360 patent.

22. GE is entitled to a judicial declaration that the Accused Products do not infringe any Asserted Claim of the '360 patent, and that use of the Accused Products does not indirectly infringe the Asserted Claims.

## SECOND CAUSE OF ACTION: DECLARATION OF INVALIDITY

23. GE repeats the allegations of the above paragraphs as if fully set forth herein.

24. The Asserted Claims of the '360 patent are invalid for failure to comply with one or more requirements of Title 35, United States Code, including, 35 U.S.C. §§ 101, 102, 103 and 112.

25. There is an actual, substantial and continuing justiciable controversy between GE and the Defendants having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the validity of the '360 patent.

26. GE is entitled to a judicial declaration that the Asserted Claims of the '360 patent are invalid.

## DEMAND FOR JURY TRIAL

27. GE demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, GE respectfully seeks the following relief from this Court:

(a) A declaration and entry of judgment in favor of GE and against Defendants that the Accused Products do not infringe the Asserted Claims of the '360 patent;

(b) A declaration and entry of judgment in favor of GE and against Defendants that GE and GE's customers, including UC, are not liable for direct, contributory or induced infringement of the Asserted Claims of the '360 patent as to the Accused Products;

(c) A declaration and entry of judgment in favor of GE and against Defendants that the Asserted Claims of the '360 patent are invalid under 35 U.S.C. §§ 102, 103 and/or 112;

(d) Defendants and their officers, agents, employees, representatives, counsel and all persons in active concert or participation with any of them, directly or indirectly, be enjoined from threatening or charging infringement of, or instituting any action for infringement of any Asserted Claim of the '360 patent, based upon GE's products;

(e) Its costs and disbursements in connection with this litigation, as permitted pursuant to 35 U.S.C. § 284;

(f) A determination that this is an exceptional case within the meaning of 35 U.S.C. § 285, and an award to GE of its reasonable attorney's fees; and

1     (g)    Such other relief, in law and in equity, that this Court deems appropriate.

3   Dated: April 26, 2012                     Respectfully submitted,

By:   <u>s/ Jennifer A. Sklenar</u>
       Jennifer A. Sklenar (SBN 200434)
       **ARNOLD & PORTER LLP**
       44th Floor
       777 South Figueroa Street
       Los Angeles, CA 90017
       Telephone: (213) 243-4000
       Facsimile: (213) 243-4199
       Email: jennifer.sklenar@aporter.com

OF COUNSEL:

Matthew M. Wolf
**ARNOLD & PORTER LLP**
555 Twelfth Street, N.W.
Washington, DC 20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Email: matthew.wolf@aporter.com

*Attorneys for Intervenor General Electric Company*

# CERTIFICATE OF SERVICE

I hereby certify that, on April 26, 2012, a copy of General Electric Company's Intervenor Complaint was manually filed with the Clerk of Court. Copies of the document will be served on the following counsel of record via electronic and regular mail:

Adam Hoffman (ahoffman@raklaw.com)
Alexander C.D. Giza (agiza@raklaw.com)
Andrew D. Weiss (aweiss@raklaw.com)
Fredricka Ung (fung@raklaw.com)
Marc A. Fenster (mfenster@raklaw.com)
**Russ, August and Kabat**
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025

Bradley William Gunning (brad.gunning@klgates.com)
**K & L Gates LLP**
10100 Santa Monica Boulevard 7th Floor
Los Angeles, CA 90067

Heather N. Mewes (hmewes@fenwick.com)
Jennifer Jane Johnson (jjjohnson@fenwick.com)
**Fenwick & West LLP**
555 California Street
San Francisco, CA 94041

Jeffrey V. Lasker (jlasker@fenwick.com)
Meredith L. Erdman (merdman@fenwick.com)
**Fenwick & West LLP**
801 California Street
Mountain View, CA 94041

Carolyn C. Chang (cchang@fenwick.com)
**Fenwick & West LLP**
275 Battery Street, 16th Floor
San Francisco, CA 94111

s/ Jennifer A. Sklenar
Jennifer A. Sklenar