**RUSS AUGUST & KABAT**
Marc A. Fenster, State Bar No. 181067
Alexander C. D. Giza State Bar No. 212327
Adam S. Hoffman State Bar No. 218740
Andrew D. Weiss State Bar No. 232974
Fredricka Ung State Bar No. 253794
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Tel:   (310) 826-7474
Fax:  (310) 826-6991
Email:  mfenster@raklaw.com
Email:  agiza@raklaw.com
Email:  ahoffman@raklaw.com
Email:  aweiss@raklaw.com
Email:  fung@raklaw.com

Attorneys for NEUROGRAFIX,
NEUROGRAPHY INSTITUTE MEDICAL
ASSOCIATES, INC., and
IMAGE-BASED SURGICENTER CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| NEUROGRAFIX; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC.; IMAGE-BASED SURGICENTER CORPORATION; WASHINGTON RESEARCH FOUNDATION,<br><br>          Plaintiff<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA<br><br>          Defendant. | Case No. 2:11-cv-07591-MRP-RZ<br><br><br>JURY TRIAL DEMANDED<br><br><br>PLAINTIFFS NEUROGRAFIX, NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC. AND IMAGE-BASED SURGICENTER CORPORATION OPPOSITION TO PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24 |
| GENERAL ELECTRIC COMPANY<br><br>          Intervenor-Plaintiff<br><br>v.<br><br>NEUROGRAFIX; NEUROGRAPHY INSTITUTE MEDICAL | |

RUSS, AUGUST & KABAT

---

NEUROGRAFIX'S OPPOSITION TO PHILIPS' MOTION TO INTERVENE

1   ASSOCIATES, INC.; IMAGE-
    BASED SURGICENTER
2   CORPORATION; WASHINGTON
    RESEARCH FOUNDATION
3
                Defendants.
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUSS, AUGUST & KABAT

## TABLE OF CONTENTS

**PAGE**

I.    **INTRODUCTION.**........................................................................1

II.    **FACTUAL BACKGROUND.**.......................................................2

    A.    Philips Knowingly Did Not Seek To Intervene In This Case Until The Eve Of The Parties' Stipulated Dismissal. ...............................................2

    B.    Philips And NeuroGrafix Are Currently Engaged In Litigation In The District of Massachusetts That Philips Tried And Failed To Transfer To This Court. ......................................3

III.    **PHILIPS' MOTION TO INTERVENE IS MOOT BECAUSE THE LITIGATION BETWEEN PLAINTIFFS AND THE REGENTS HAS BEEN DISMISSED WITH PREJUDICE, THERE IS NO PENDING LITIGATION FOR PHILIPS TO INTERVENE INTO AND ALL OF PHILIPS RIGHTS WILL BE PROTECTED IN THE MASSACHUSETTS LITIGATION BEETWEEN PLAINTIFFS AND PHILIPS.**...............................................3

    A.    Legal Standard. ...........................................4

    B.    Because All Claims Against the Regents Have Been Dismissed With Prejudice, Philips' Motion To Intervene Is Moot...................................4

IV.    **PHILIPS IS NOT ENTITLED TO INTERVENE UNDER RULE 24 BECAUSE PHILIPS CANNOT SHOW THAT THE FOUR RELEVANT FACTORS FAVOR INTERVENTION HERE**...................6

    A.    Legal Standard. .............................................6

    B.    Philips' Motion To Intervene Is Not Only Moot, But It Also Fails To Meet The Rule 24 Standard Because It Is Not Timely. ........................6

    C.    Philips Does Not, And Cannot, Have A "Significantly Protectable" Interest In The Now-Dismissed Action Especially In Light Of The Currently Pending Massachusetts Action Between Plaintiffs And Philips. .....................8

    D.    The Disposition Of This Case Does Not Impair Or Impede Philips' Ability To Protect Its Interests Because Any Such Interests Will Be Protected In Massachusetts And Were Presumably Protected By Mr. Molano During The Pendancy Of This Case. ......................9

    E.    The Regents Adequately Protected Philips' Interest In The Present Case.....................10

    F.    Each Rule 24 Factor Weighs Against Intervention...........................11

V. **CONCLUSION.** ...........................................11

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Commercial Space Mgmt. Co. v. Boeing Co., Inc.*,
  193 F.3d 1074 (9th Cir. 1999) ...................................................................4

*Eli Lilly & Co. v. Synthon Labs., Inc.*,
  538 F. Supp. 2d 944 (E.D. Va. 2008) ......................................................4

*Gen. Elec. Co. V. Wilkins*,
  No. 10-674, 2011 U.S. Dist. LEXIS 13809 (E.D. Cal. Feb. 11, 2011) ...........6, 7

*Mutual Produce, Inc. v. Penn Cent. Transp. Co.*,
  119 F.R.D. 619 (D. Mass. 1988) ...............................................................4

*Netflix, Inc. v. Blockbuster, Inc.*,
  No. 06-02361, 2006 U.S. Dist. LEXIS 91742 (N.D. Cal. Dec. 7, 2006) .............6

*United States v. Ford*,
  650 F.2d 1141 (9th Cir. 1981) ...............................................................4, 5

*United States v. Washington*,
  86 F.3d 1499 (9th Cir. 1996) ....................................................................8

*Wilderness Soc'y v. United States Forest Serv.*,
  630 F.3d 1173 (9th Cir. 2011) ............................................................6, 10

**RULES**

Fed. R. Civ. P. 41 ......................................................................................4, 5

Fed. R. Civ. Proc. 24 ...........................................................................6, 10, 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RUSS, AUGUST & KABAT

NEUROGRAPHIX'S OPPOSITION TO PHILIPS' MOTION TO INTERVENE

RUSS, AUGUST & KABAT

# I.   INTRODUCTION.

Philips' Motion to Intervene Pursuant to Fed. R. Civ. P. 24 ("Motion") should be denied as moot because the underlying case has been dismissed with prejudice and there is no case in which to intervene.  Philips' only plausible basis for intervening is as the indemnitor of the former defendant in this case, The Regents of the University of California (the "Regents").  There are no claims against The Regents, however, because all claims between the Plaintiffs and the Regents have been dismissed **with prejudice** pursuant to the December 12, 2012 Settlement Agreement and Mutual Release (the "Settlement Agreement") between and among the Plaintiffs, the Regents, and General Electric Company.  Dkt. No. 145.  The Settlement Agreement resolved all claims against the Regents, including those based on the use of Philips' products. There is nothing left in this case for Philips to protect.

Moreover, any *other* interests Philips may have can be litigated in the case between Plaintiffs and Philips involving the same patent that has been pending in Massachusetts (Philips' home district) since June 15, 2012.  *NeuroGrafix v. Philips Elec. N. Am. Corp.*, C.A. No. 1:12-cv-11065-RGS (D. Mass.).  Indeed, the Massachusetts court rejected Philips' motion to transfer that case to this Court because "Philips has no connection to [the Central District of California]."  Ung Decl., ¶ 5, Ex. 2.

Philips' decision to wait to file its motion after the Settlement Agreement was finalized and the Regents had been dismissed can only be described as tactical.  Philips states that it has had "almost daily" involvement in this case since at least May 2012 when it engaged its own counsel to represent the Regents.  Notably, counsel allegedly representing the Regents is also counsel for Philips.  Philips maintained its third-party status throughout the pendency of this action, requiring Plaintiffs to subpoena Philips for both documents and testimony.  Philips and its counsel also knew the parties filed a Joint Notice of Settlement on November 14,

1

1    2012, which was one month before it filed the instant motion.  Philips offers no

2    reasonable explanation as to why it did not seek to intervene sooner than the eve of

3    the case's dismissal.  Philips' Motion is therefore untimely and should be denied

4    for that reason as well.

5          For these reasons, as detailed and expanded upon below, the Motion should

6    be denied.

7    **II.    FACTUAL BACKGROUND.**

8          Philips' Motion is remarkable in light of the key facts Philips simply ignores

9    and fails to bring to the Court's attention.  In particular, Philips fails to mention

10   two of the most salient and important facts the Court should consider in resolving

11   the Motion.  First, Philips was well aware of the parties' settlement and imminent

12   dismissal of the litigation.  Second, there is a pending case between Plaintiffs and

13   Philips in Massachusetts (Philips' home district) that Philips has already tried and

14   failed to transfer to this Court.  Each of these facts is discussed in detail below.

15         **A.    Philips Knowingly Did Not Seek To Intervene In This Case
               Until The Eve Of The Parties' Stipulated Dismissal.**

16

17         Although Philips does not reference this fact, Philips' pending motion to

18   intervene was filed the day before the date by which the parties were to file a

19   stipulation dismissing the action.  *See* Dkt. Nos. 138 and 139 (continuing

20   Defendants' Motion for Summary Judgment and staying all deadlines until

     December 14, 2012).  Philips does not (and could not) contend that it was unaware

21   of this fact.  Michael Molano of Mayer Brown LLP has represented both the

22   Regents and Philips in this matter.  Dkt. No. 142 at 5:15-17.  In fact, well before

23   Philips sought to intervene, Mr. Molano defended Philips at a deposition taken in

24   this action on October 25, 2012 in connection with Defendants' Motion for

25   Summary Judgment and later appeared on behalf of the Regents at the deposition

26   of General Electric Company's ("GE") expert (Dr. Moseley). Ung Decl., ¶ 2.

27   Additionally, Philips proudly represents to the Court that it "has been substantially

28

2

RUSS, AUGUST & KABAT

involved in this action <u>on an almost daily basis</u> since May 2012." Dkt. No. 142 at 2:10-12 (emphasis added).  Despite its common counsel and alleged daily involvement in the litigation, Philips chose not to seek to become a party in the litigation in any manner and Philips also intentionally chose not to participate in the mediation between Plaintiffs, GE and the Regents that resulted in the settlement of the litigation.

Finally, Philips also fails to disclose that Mr. Molano and additional colleagues contacted Plaintiffs immediately after the settlement with GE had been reached to seek a similar settlement for Philips. Ung Decl., ¶ 3.

### B.   Philips And NeuroGrafix Are Currently Engaged In Litigation In The District of Massachusetts That Philips Tried And Failed To Transfer To This Court.

Philips also fails to disclose in its motion to intervene that NeuroGrafix and Philips are currently engaged in litigation in the District of Massachusetts (Philips' home district).  *See* Ung Decl., ¶ 4, Ex. 1.  Philips filed a motion to transfer the District of Massachusetts case to this Court on August 31, 2012 (at least three months after Philips retained counsel on behalf of the Regents).  Ung Decl., ¶ 4 Ex. 1 at Dkt. No. 19.  On October 3, 2012, Judge Stearns denied Philips' motion to transfer the District of Massachusetts case to this Court, stating, "Notably, Philips has no connection to the alternative forum (CDCA) which would make it more convenient to litigate there."  Ung Decl., ¶ 5, Ex. 2.  Even after the District of Massachusetts denied Philips' motion to transfer, Philips waited two and a half months before filing the present motion to intervene.  Dkt. No. 142.

### III.   PHILIPS' MOTION TO INTERVENE IS MOOT BECAUSE

3

RUSS, AUGUST & KABAT

**THE LITIGATION BETWEEN PLAINTIFFS AND THE REGENTS HAS BEEN DISMISSED WITH PREJUDICE, THERE IS NO PENDING LITIGATION FOR PHILIPS TO INTERVENE INTO AND ALL OF PHILIPS RIGHTS WILL BE PROTECTED IN THE MASSACHUSETTS LITIGATION BEETWEEN PLAINTIFFS AND PHILIPS.**

**A.    Legal Standard.**

A motion to intervene is moot where the underlying case has been dismissed with prejudice. *See United States v. Ford*, 650 F.2d 1141, 1143 (9th Cir. 1981) (dismissing as moot an appeal of a denial of a motion to intervene where the underlying litigation was voluntarily dismissed).

In addition, a stipulated dismissal pursuant to Fed. R. Civ. P. 41(a)(1) divests a Court of jurisdiction upon its filing. *See, e.g., Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999) ("[I]t is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing . . . ."). Such dismissals are effective upon filing even when a motion to intervene is pending at the time a stipulated dismissal is filed. *See, e.g., Eli Lilly & Co. v. Synthon Labs., Inc.*, 538 F. Supp. 2d 944, 947 (E.D. Va. 2008) (noting that parties have the right to dismiss a case pursuant to Fed. R. Civ. P. 41(a)(1) by agreement "even if a motion to intervene is pending and the potential intervenor objects"); *Mutual Produce, Inc. v. Penn Cent. Transp. Co.*, 119 F.R.D. 619, 620-21 (D. Mass. 1988) ("[O]nce the parties file their stipulations of dismissal, they become effective without any action by the court. . . .  Intervenors were not named parties when plaintiffs and defendants filed their stipulations of dismissal, nor did their filing of a motion to intervene give them party status.").

**B.    Because All Claims Against the Regents Have Been Dismissed With Prejudice, Philips' Motion To Intervene Is Moot.**

Pursuant to Rule 41(a)(1)(A)(ii), a dismissal in good faith by stipulation of all parties to the litigation divests the Court's jurisdiction over the above-captioned case. *Commercial Space*, 193 F.3d at 1078.  Here, the parties jointly submitted a

4

RUSS, AUGUST & KABAT

stipulation pursuant to Rule 41(a)(1)(A)(ii) on December 14, 2012, and ***the Court ordered the dismissals with prejudice***.  Dkt. Nos. 141, 145.  This action is now dismissed and there is no longer an action for Philips to intervene into.  *See Ford*, 650 F.2d at 1143  ("Since there is no longer any action which appellants can intervene, judicial consideration of the [intervention] question would be fruitless.").  The Regents, whom Philips is ostensibly attempting to intervene to protect, have been released and there is no longer dispute between the Regents and Plaintiffs.  Any independent rights that Philips may have with respect to Plaintiffs can and will be adjudicated in the currently pending Massachusetts action.  The Motion is therefore moot and should be denied.

Any appeal that Philips may make to general principals of equity would be misplaced.  Unlike the former Intervenor-Plaintiff GE, Philips chose not to directly participate in this action after the Regents informed it of the now-dismissed litigation.  Philips admits in its Motion that it chose to be involved in the litigation as a non-party.  As a result of Philips' intentional and informed choice, Philips is not and has never been a party to this case.  Philips presumably chose this posture to limit its requirement to provide discovery in this case, requiring Plaintiffs to draft and serve subpoenas on Philips for limited third party discovery.

Additionally, although Philips does not indicate so, the true purpose of this Motion is a last ditch effort to effectively bring a declaratory judgment in this action, as GE did.  Philips is asking this Court, notably without even informing the Court of the full factual situation, to allow Philips to make an end run around the pending litigation in Massachusetts and Philips' failed transfer attempt by "intervening" to replace the now-dismissed Regents in a dismissed action.  This posture further weighs against any equitable argument Philips may make during a hearing.

Accordingly, NeuroGrafix respectfully requests that the Court deny Philips' motion to intervene as moot.

RUSS, AUGUST & KABAT

## IV. PHILIPS IS NOT ENTITLED TO INTERVENE UNDER RULE 24 BECAUSE PHILIPS CANNOT SHOW THAT THE FOUR RELEVANT FACTORS FAVOR INTERVENTION HERE.

### A. Legal Standard.

Federal Rule of Civil Procedure 24 establishes two types of intervention: as of right and permissive. Philips satisfies the criteria for neither. An applicant may intervene as of right under Rule 24(a) if the following four requirements are met: "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *Wilderness Soc'y v. United States Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011).

An applicant who seeks permissive intervention must demonstrate: (1) an independent ground for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or fact in common. *Gen. Elec. Co. V. Wilkins*, No. 10-674, 2011 U.S. Dist. LEXIS 13809, at *3 (E.D. Cal. Feb. 11, 2011). However, "[w]here intervention would undermine the efficiency of the litigation process, a petition for permissive intervention may be denied." *Netflix, Inc. v. Blockbuster, Inc.*, No. 06-02361, 2006 U.S. Dist. LEXIS 91742, at *7 (N.D. Cal. Dec. 7, 2006) (citing *United States v. Washington*, 86 F.3d 1499, 1504 (9th Cir. 1996)).

### B. Philips' Motion To Intervene Is Not Only Moot, But It Also Fails To Meet The Rule 24 Standard Because It Is Not Timely.

Philips' Motion fails to meet the Rule 24 standard because, at the very least, it is not timely. To determine whether a motion to intervene is timely, courts in the Ninth Circuit consider: "(1) the current stage of the proceedings; (2) whether the

6

existing parties would be prejudiced; and (3) the reason for any delay in moving to intervene." *Gen. Elec. Co. v. Wilkins*, No. 10-674, 2011 U.S. Dist. LEXIS 13809, at *4 (E.D. Cal. Feb. 11, 2011) (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.2d 1297, 1302 (9th Cir. 1997)).

The first timeliness factor – the current stage of the proceedings – alone warrants denial of Philips' motion to intervene. The case has been dismissed with prejudice and the summary judgment motion pending prior to dismissal is now moot. Although Philips has had ample time to intervene in this case, it inexplicably waited until after the settlement agreement was signed and the day before the stipulation of dismissal was to be filed to bring its Motion. A last-ditch effort to join a case on its way out is not a timely motion to intervene.

The second timeliness factor also strongly weighs against Philips' Motion. Granting of Philips' Motion would severely prejudice Plaintiffs because it would effectively transfer Plaintiffs' action from the District of Massachusetts to this Court despite the fact that such relief was already denied by the court in Massachusetts. Furthermore, granting Philips' motion also prejudices Plaintiffs because it violates the release provided by the Regents to Plaintiffs. As a result of the settlement agreement, there are no remaining disputes between the Regents and Plaintiffs. If Philips is permitted to intervene to further defend the "rights" of the Regents in this action – which there are none – Philips would effectively eviscerate the settlement agreement reached between the Regents and Plaintiffs.

The final timeliness factor also strongly disfavors Philips' intervention. In its Motion, Philips claims "almost daily" involvement in the case for at least six months. Yet, despite its daily involvement and immediate knowledge of the settlement of the case, Philips waited until just prior to the dismissal of the case to attempt to intervene. There is no proper reason for this delay that would justify Philips' Motion.

The only explanation Philips provides for its delay in seeking to intervene is

7

that it was not necessary because the Regents were protecting Philips' interest in the case.  This argument undermines rather than supports Philips' argument that its motion to intervene is timely.  Here, Philips made the strategic decision to "associate" its own counsel, Mayer Brown LLP, with Fenwick & West LLP on behalf of the Regents and to allow the Regents to protect its interests.  [Dkt. No. 83.]  By deciding to allow the Regents to be the sole party in charge of Philips' interest in the case, Philips took the calculated risk that it may not be in complete agreement with all arguments advanced by the Regents or any settlements entered into by the Regents.  Philips cannot now undo its choice to allow the Regents to be the sole party responsible for its interest in the case with an eleventh-hour motion to intervene and simultaneously argue that its motion is timely.  This is particularly highlighted where there is already an infringement action pending against Philips in which Philips can fully defend its own rights.

For the foregoing reasons, the untimeliness of Philips' motion alone warrants its denial.  *See, e.g., United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996)  (explaining that if "the motion to intervene was not timely, [the Court] need not reach any of the remaining elements of Rule 24.").  That said, the other factors also militate against Philips' motion to intervene.

## C. Philips Does Not, And Cannot, Have A "Significantly Protectable" Interest In The Now-Dismissed Action Especially In Light Of The Currently Pending Massachusetts Action Between Plaintiffs And Philips.

Now that the above-captioned case has been settled and dismissed, any purported interest Philips may have had in this case has vanished.  Further, all rights independent of the Regents can and will be adjudicated in the already pending litigation between Plaintiffs and Philips.  Philips repeatedly relies upon its duty to indemnify the Regents for their allegedly infringing use of Philips' products as its "protectable interest" in the case.  However, since NeuroGrafix and the Regents have reached a settlement with respect to the Regents' use of MRI

8

RUSS, AUGUST & KABAT

products, ***including the Regents' use of Philips' MRI products***, Philips no longer has a protectable interest at stake in this case.   Thus, there is no protectable interest for Philips to protect in this litigation, let alone a significant interest.

In its Motion, Philips also asserts that the protectable interest is its own interests.  This argument is irrelevant.  Philips can and will be protecting its own interests in the litigation in the District of Massachusetts.  Further, even if intervention were appropriate – which it is not, the intervention would not be broader than the scope of GE's intervention.  In granting GE's motion to intervene in this action (Dkt. No. 48), the Court limited the scope of GE's intervention to the infringement claims Plaintiffs asserted against the Regents.  Dkt. No. 58; Ung Decl., ¶ 6, Ex. 3.  Applying the same rationale here, Philips' intervention in this action would also be limited to the infringement claims Plaintiffs asserted against the Regents, of which there are none.

Philips' protectable interest argument is further weakened by Philips' own admissions that it appointed counsel (Mr. Molano) to work on its behalf and that Philips was involved on almost daily basis.  If Philips actually believed it had a significant interest to be protected in this litigation, it could have and should have moved to intervene as GE did.

Accordingly, the protectable interest does not support Philips' Motion.

**D.     The Disposition Of This Case Does Not Impair Or Impede Philips' Ability To Protect Its Interests Because Any Such Interests Will Be Protected In Massachusetts And Were Presumably Protected By Mr. Molano During The Pendancy Of This Case.**

As previously discussed above, Philips has no cognizable protectable interest in the now-dismissed case.  However, by choosing to associate its own counsel on behalf of the Regents and working with the Regents on an "almost daily" basis, Philips clearly believed that the Regents adequately protected its interests in the case.  If Philips believed that its interests in this case were not

9

RUSS, AUGUST & KABAT

1   adequately represented, it would have undoubtedly sought to intervene sooner than

2   the eve of the case's dismissal.  Further, any remaining interests that need to be

3   protected will be protected in the currently pending Massachusetts action.

4          Philips' motion to intervene is not aimed at protecting the interest it had in

5   this case (that has since disappeared with the dismissal of all claims against the

6   Regents).  Instead, Philips is improperly seeking to litigate issues never before this

7   Court.  For example, Philips readily admits that its interest with respect to the

8   Regents has been resolved and that it now seeks to litigate issues solely related to

9   Philips. Dkt. No. 142 at 8:19-22.  Not only is an attempt to intervene to expand the

10  scope of the litigation improper, but it is also unnecessary.  The interests Philips

11  claims it needs to protect are currently at issue in the case pending in the District of

12  Massachusetts.  Nothing about the settlement and dismissal of this case will impair

13  or impede Philips from protecting its interests in the District of Massachusetts.

### E.   The Regents Adequately Protected Philips' Interest In The Present Case.

16         The final factor in a Rule 24 analysis in determining whether intervention is

17  appropriate focuses on whether the would-be intervenor's interests are adequately

18  protected by the current parties to the litigation.  *Wilderness Society*, 630 F.3d at

19  1177.   As discussed above, the only interest in the present litigation Philips had

20  was its obligation to indemnify the Regents for any infringement resulting from the

21  Regents' use of Philips' products.   Philips does not argue that the Regents

22  inadequately represented that interest.  In fact, Philips states, "Philips' rights were

23  being protected as long as the Regents remained in the case since Philips' counsel

24  represented both the Regents and Philips." Dkt. No. 142 at 8:15-17.

25         Because all claims against the Regents have been dismissed, Philips is now

26  attempting to litigate issues that have never been before this Court:  the direct

27  liability of Philips rather than the liability of the Regents.  Philips' attempt fails for

28  two reasons.  First, Philips' attempt to resurrect a now-dismissed case simply to

10

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

raise new issues is inappropriate and not supported by Rule 24. Second, Philips' interests have always been adequately represented.  The Regents adequately represented Philips' limited interest (its obligation to indemnify the Regents) in the present case.  Philips is able to protect any other "interests" it may have relating to the outcome of litigation with NeuroGrafix in the District of Massachusetts, where Philips is an actual party to the litigation.  Intervening in the present case will not allow Philips to protect an interest not already protected by it in the District of Massachusetts case.

### F.    Each Rule 24 Factor Weighs Against Intervention.

For the reasons discussed above, Philips should not be able to intervene as of right.  Philips should not be able to permissively intervene in the case for these same reasons.  Philips' motion to intervene was not timely; in fact, it is now moot since the case is dismissed.  Additionally, since the Regents and NeuroGrafix settled the causes of action pending relating to the Regents' use of Philips' products in a manner allegedly infringing NeuroGrafix's patent rights, Philips no longer has a protectable interest in the above-captioned case.

Accordingly, NeuroGrafix respectfully requests that the Court deny Philips' motion to intervene.

## V. CONCLUSION.

For the foregoing reasons, Philips' Motion to Intervene should be denied.

Dated:  December 24, 2012                    Respectfully submitted,

                                                        **RUSS AUGUST & KABAT**

                                             By:   */s/ Andrew D. Weiss*
                                                    Andrew D. Weiss

                                                    Marc A. Fenster
                                                    Alexander C. D. Giza

11

RUSS, AUGUST & KABAT

1   Adam S. Hoffman
2   Andrew D. Weiss
    Fredricka Ung
3   12424 Wilshire Boulevard, 12th Floor
    Los Angeles, California  90025
4   Telephone:   (310) 826-7474
    Facsimile:    (310) 826-6991
5
6   Attorneys for Plaintiff,
7   Attorneys for NEUROGRAFIX,
    NEUROGRAPHY INSTITUTE
8   MEDICAL
    ASSOCIATES, INC., and
9   IMAGE-BASED SURGICENTER
    CORPORATION
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on December 24, 2012.  Any other counsel of record will be served via electronic mail on this date and First Class U.S. Mail on the next business day, December 26, 2012.

By:   /s/ *Andrew D. Weiss*

13