```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

                          WESTERN DIVISION

       THE HON. MARIANA R. PFAELZER, SENIOR JUDGE PRESIDING



NEUROGRAFIX, a California      )
corporation, et al.,           )
                               )
              Plaintiffs,      )
                               )
       vs.                     ) No. CV 11-07591 MRP
                               )
THE REGENTS OF THE UNIVERSITY  )    CV 12-04586 MRP
OF CALIFORNIA,                 )
                               )
              Defendant.       )
_____)
                               )
AND RELATED CASE.              )
_____)




               REPORTER'S TRANSCRIPT OF PROCEEDINGS

                THE HONORABLE MARIANA R. PFAELZER

               SENIOR U.S. DISTRICT JUDGE PRESIDING

                    LOS ANGELES, CALIFORNIA


              TUESDAY, JULY 10, 2012; 1:45 P.M.


                        Status Conference


                   WIL S. WILCOX, CSR 9178
                Official U.S. District Court Reporter
                 312 North Spring Street, # 432-A
                   Los Angeles, California 90012
                       Phone: (213) 290-2849
```

```
1    APPEARANCES OF COUNSEL:

2
     FOR THE PLAINTIFFS:    RUSS AUGUST & KABAT
3                           BY:  MARC A. FENSTER
                            AND: FREDRICKA UNG
4                           Attorneys at Law
                            12424 Wilshire Boulevard, 12th Floor
5                           Los Angeles, CA 90025
                            310-979-8278
6                           mfenster@raklaw.com
                            fung@raklaw.com
7

8    FOR INTERVENOR PLAINTIFF:

9                           ARNOLD & PORTER
                            BY: JENNIFER A. SKLENAR
10                          AND: BRIAN MARTINEZ
                            Attorneys at Law
11                          777 South Figueroa Street
                            44th Floor
12                          Los Angeles, California 90017-5844
                            213-243-4000
13                          jennifer.sklenar@aporter.com
                            brian.martinez@aporter.com
14

15   FOR THE DEFENDANT UC:  FENWICK & WEST LLP
                            BY: CAROLYN CHANG
16                          Attorney at Law
                            Silicon Valley Center
17                          801 California Street
                            Mountain View, CA 94041
18                              -and-
                            MAYER BROWN LLP
19                          BY: MICHAEL A. MOLANO
                            Attorney at Law
20                          Two Palo Alto Square
                            Suite 300
21                          3000 El Camino Real
                            Palo Alto, California 94306-2112
22                          650-331-2035
                            mmolano@mayerbrown.com
23

24

25
```

```
 1   we need so that we can do expert reports, expert discovery,
 2   summary judgment motions, and get ready for trial.
 3             THE COURT:  All right.  What do you want to do
 4   about what he just said?  Both of you better express
 5   yourselves because you will never get the chance again.
 6             MS. SKLENAR:  Understood, Your Honor.  We would
 7   like to have the case or controversy issue resolved first
 8   and we think we can do it pretty quickly, and then that
 9   would enable the parties to deal with summary judgment once
10   in both cases.  I don't think there's --
11             THE COURT:  Tell me something which I wasn't
12   anticipating.  You state to me what the scope of the
13   intervention is in the first case.
14             MS. SKLENAR:  Well, I think there is a
15   disagreement between the parties that centers over a
16   sentence in Your Honor's ruling about that the intervention
17   is limited to the claims in the case.  We understood that to
18   mean the patent claims, and I believe the other side
19   understood that to mean the actual infringement claims.
20             THE COURT:  No.  It was the patent claims.
21             MS. SKLENAR:  And that is what we understood.  So
22   our role we believe in this case is we've intervened.  We
23   are prepared to litigate those patent claims on behalf of UC
24   as it relates to GE's products and those claims as it
25   relates to GE.
```

```
 1              THE COURT:  Well, how did you anticipate it would
 2   be done?
 3              MS. SKLENAR:  We didn't think there would be
 4   additional claims for the DJ action.  We didn't anticipate
 5   that that would broaden the scope, but the reason why we
 6   filed it was because there was this agreement with
 7   NeuroGrafix over the scope of our intervention in the UC
 8   case.  And we didn't want there to be any confusion.  GE
 9   wants this issue resolved, both on behalf of UC and on
10   behalf of GE itself.
11              THE COURT:  I wouldn't blame you for that.
12              Now what do you want to do about separating the
13   two cases?  You want to decide the case or controversy
14   issue, and then you want to make a decision about whether
15   they should be together or separately.
16              MS. SKLENAR:  Your Honor, we believe the cases
17   should be together.
18              THE COURT:  I know you do.
19              MS. SKLENAR:  So I don't see we need to wait, but,
20   obviously, it's Your Honor's preference.  We think the case
21   or controversy issue should be decided, and then for both
22   cases they should together be resolved for summary judgment.
23              THE COURT:  Well, let's deal -- at the risk of
24   boring everybody, let's just say it differently.  What you
25   believe is that when you filed the counterclaim you wanted a
```

```
 1   declaratory judgment as to the validity or the
 2   enforceability of those particular claims in the patent?
 3           MS. SKLENAR:  Correct.
 4           THE COURT:  Not limited to anything, just those
 5   claims?
 6           MS. SKLENAR:  What we said in the intervenor
 7   complaint is it was those claims because that's what we
 8   understood Your Honor's ruling to be.  What we said in the
 9   DJ complaint is those claims -- and we don't think there are
10   other claims in this patent that would be at issue, but if
11   they do, we want those resolved as well.
12           THE COURT:  Stick to the intervention.  The
13   intervention seeks a declaration that those claims are not
14   valid or enforceable.
15           MS. SKLENAR:  Not valid and not infringed by GE
16   and its customers.
17           THE COURT:  That too.
18           MS. SKLENAR:  Yes.  Correct.
19           THE COURT:  But you are seeking some sort of a
20   ruling on validity?
21           MS. SKLENAR:  Correct.
22           THE COURT:  Okay.  I don't mean "okay, that's a
23   ruling."  I mean "okay."
24           MR. FENSTER:  And, Your Honor, there is a
25   difference in our view with validity and infringement.  And
```

```
 1   I understand that GE is intervening in the UC case and is
 2   challenging the validity of the claims that are being
 3   asserted against UC.
 4              THE COURT:  Yes.
 5              MR. FENSTER:  And we are fine with that.
 6              THE COURT:  You are.
 7              MR. FENSTER:  And we are fine with GE's
 8   participation with respect to validity.
 9              The reason I wanted it separate, Your Honor, is
10   because I didn't want to have to try the case against all of
11   GE's customers in the UC case.
12              They are intervening in the case against UC
13   because we sued UC and they apparently have an
14   indemnification obligation there.
15              THE COURT:  Of course they do.
16              MR. FENSTER:  Right.  If you allow them to
17   intervene with respect to all of those claims, then do we
18   have -- we didn't think it was the court's intention that we
19   would be trying the infringement of all of GE's other
20   customers to bring that in.
21              THE COURT:  As I understand it, they want -- words
22   always come out in this case this way, so let me be very
23   blunt about it.  They want a declaration that their -- that
24   UC is not infringing and they are not liable because of
25   that.  But they also want a declaration that your patent's
```

1   not valid or not enforceable or both.
2            MR. FENSTER:  Yes.  And I agree with everything
3   that Your Honor just said.  It is my understanding that they
4   are, in addition, seeking a declaration that none of the
5   claims are infringed by GE independent of UC's infringement.
6            THE COURT:  Now, how would they do that?
7            MR. FENSTER:  Well, that's what we think shouldn't
8   be part of the UC case.
9            THE COURT:  How would we do that?  I don't have
10  any record for that.  I don't know what the other --
11           MR. FENSTER:  That's exactly right.  And that's
12  why I understood the court order not to be expanding the
13  scope of the UC case to include all of that.
14           THE COURT:  Well, let's not let the word stand as
15  a hurdle we have to get over.  Let's just look at it this
16  way.  At the present time in that first case, we are -- you
17  have an infringement case against UC.
18           MR. FENSTER:  Yes.
19           THE COURT:  They are the manufacturer.
20           MR. FENSTER:  Yes.
21           THE COURT:  They have absolutely every right to
22  come in if they have an indemnification here --
23           MR. FENSTER:  Sure.
24           THE COURT:  -- and furnish a defense and protect
25  their own rights as to that infringement.

```
 1                          --oOo--

 2                         CERTIFICATE

 3

 4

 5        I hereby certify that pursuant to Section 753,

 6   Title 28, United States Code, the foregoing is a true and

 7   correct transcript of the stenographically reported

 8   proceedings held in the above-entitled matter and that the

 9   transcript page format is in conformance with the

10   regulations of the Judicial Conference of the United States.

11

12   Date:  July 12, 2012

13

14

15                              /S/____WIL S. WILCOX _____

16                                 U.S. COURT REPORTER
                                      CSR NO. 9178
17

18

19

20

21

22

23

24

25
```