**RUSS AUGUST & KABAT**
Marc A. Fenster, State Bar No. 181067
Alexander C. D. Giza State Bar No. 212327
Adam S. Hoffman State Bar No. 218740
Andrew D. Weiss State Bar No. 232974
Fredricka Ung State Bar No. 253794
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Tel:  (310) 826-7474
Fax:  (310) 826-6991
Email:  mfenster@raklaw.com
Email:  agiza@raklaw.com
Email:  ahoffman@raklaw.com
Email:  aweiss@raklaw.com
Email:  fung@raklaw.com

Attorneys for NEUROGRAFIX,
NEUROGRAPHY INSTITUTE MEDICAL
ASSOCIATES, INC., and
IMAGE-BASED SURGICENTER CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| NEUROGRAFIX; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC.; IMAGE-BASED SURGICENTER CORPORATION; WASHINGTON RESEARCH FOUNDATION,<br><br>Plaintiff<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA<br><br>Defendant.<br><br>GENERAL ELECTRIC COMPANY<br><br>Intervenor-Plaintiff<br><br>v.<br><br>NEUROGRAFIX; NEUROGRAPHY INSTITUTE MEDICAL | Case No. 2:11-cv-07591-MRP-RZ<br><br>PLAINTIFFS NEUROGRAFIX, NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC. AND IMAGE-BASED SURGICENTER CORPORATION OPPOSITION TO PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S *EX PARTE* APPLICATION FOR LEAVE TO FILE TWO-PAGE MEET AND CONFER LETTER ON MOTION TO INTERVENE |

| | |
|---|---|
| 1 | ASSOCIATES, INC.; IMAGE-BASED SURGICENTER CORPORATION; WASHINGTON RESEARCH FOUNDATION |
| 2 | |
| 3 | Defendants. |

Plaintiffs NeuroGrafix, Neurography Institute Medical Associates, Inc. and Image-Based Surgicenter Corporation (collectively, "NeuroGrafix") hereby oppose Philips Electronics North America Corporation's ("Philips") *Ex Parte* Application for Leave to File Two-Page Meet and Confer Letter on Motion to Intervene ("*Ex Parte* Application") (Dkt. No. 150).

Philips' *Ex Parte* Application should be denied because it is nothing more than an attempt to circumvent the stipulation that Philips itself proposed whereby Philips agreed to waive its right to a Reply brief in exchange for an accelerated briefing and hearing schedule.[1]  Ung Decl., ¶ 2, Ex. 1.  For reasons known only to Philips, Philips chose to withhold critical facts and law relevant to its Motion to Intervene ("Motion") (Dkt. No. 142).  In an effort to bring these issues to Philips' attention and to avoid wasting the Court's resources, NeuroGrafix wrote to Philips to inform Philips of its critical oversights and, in light of the detrimental effect of Philips' oversights, to request that Philips withdraw its Motion.  Ung Decl., ¶ 3, Ex. 2.  Philips refused and drafted a two-page letter brief in response (the "Letter Brief"), which it now moves *ex parte* for this Court to consider.[2]  Philips effectively admits in both the Letter Brief and the *Ex Parte* Application that its Letter Brief is nothing more than the Reply brief it waived in order to induce

---

[1] On December 13, 2012, nearly a month after the parties filed their Notice of Settlement (Dkt. No. 137) and the day before the date by which the parties were to file a stipulation dismissing the action (Dkt. No. 138 and 139), Philips filed its Motion to intervene in the now-dismissed litigation.  In recognition of the untimely nature of the Motion, on the same day the Motion was filed, Philips demanded an accelerated briefing and hearing schedule (with NeuroGrafix's Opposition brief due on Christmas Eve) in exchange for waiving its Reply brief.  Rather than burden the Court with further unnecessary motion practice as threatened by Philips, NeuroGrafix stipulated to the accelerated schedule.  Dkt. No. 147.

[2] Philips disingenuously characterizes the Letter Brief as a meet and confer letter.  The Letter Brief is nothing of the sort.  Philips chose not to notify NeuroGrafix of its intention to intervene and did not meet and confer prior to filing the Motion.  Unlike a meet and confer letter, the Letter Brief was expressly written as a reply brief that addresses arguments and facts that Philips intentionally chose to withhold in its Motion.  Unlike the letter written by NeuroGrafix, Philips' Letter Brief was written as a reply brief, not as an attempt to reasonably resolve issues without Court intervention.

1

NEUROGRAFIX'S OPPOSITION TO PHILIPS' *EX PARTE* APPLICATION

NeuroGrafix into agreeing to a shortened briefing schedule. Dkt. No. 151 at 2:1-3 (characterizing the Letter Brief as important because it "contains legal authority, pertinent facts and argument supporting the reasons that the Motion is not moot in view of the stipulated dismissal filed in this action," which is notably the province of briefing); Dkt. No. 152-2 (Philips' Letter Brief containing the demand that the Letter Brief be attached to NeuroGrafix's Opposition "given that Philips has agreed to not file a Reply brief in the interests of a shortened hearing schedule."). Because Philips intentionally chose the timing and substance of its Motion and further intentionally chose to waive any written response to NeuroGrafix's Opposition to the Motion, the Court should hold Philips accountable for its decisions and deny the *Ex Parte* Application.

Philips' only attempt to show good cause for its *Ex Parte* Application is its argument that the Letter Brief contains substantive argument that the Court should consider. It is indisputable, as discussed in NeuroGrafix's Opposition to the Motion, that Philips' could have and should have addressed the argument in the Letter Brief in the Motion. Philips notably does not contend (nor could it) that the facts and law addressed in the Letter Brief could not have been addressed in its Motion. Indeed, as discussed in the Opposition to the Motion, both Philips and its counsel (who was also counsel to the Regents before this litigation was dismissed) were well aware of the settlement and impending dismissal. The fact that the stipulated dismissal was filed the day after Philips filed its Motion, as Philips knew it would be, neither excuses Philips' decision to not address the actual status of the case in the Motion nor provides a basis for Philips to file its reply Letter Brief despite its waiver by stipulation of a Reply brief. In fact, Philips has received all of benefits of its stipulation while, by way of this *Ex Parte* Application, seeking to have this Court cancel Philips' portion of the bargain.

In recognition of the detrimental effects of the facts and argument Philips withheld from its Motion, Philips also claims good cause is present because it is

prejudicial to the Court and Philips if the Letter Brief is not entered.  It is, however, Philips' own strategic choices that have burdened the Court and Philips.  It is Philips that inexplicably chose to delay attempting to intervene into this now-dismissed litigation until the day before Philips knew the case would be dismissed.  It is Philips that inexplicably chose to withhold evidence and argument from its Motion.  It is Philips that, in apparent recognition of the untimeliness of the Motion, demanded a shortened briefing schedule in exchange for Philips' waiver of a written response to NeuroGrafix's Opposition to the Motion.  Philips, by its own strategic choices, chose to forego making any written argument regarding the full scope of the issues raised by Philips' untimely Motion.  Philips cannot now point to its choices as a basis of prejudice in support of its *Ex Parte* Application.

Philips' argument regarding the lack of prejudice to NeuroGrafix is also unsupported.  The prejudice to NeuroGrafix is clear:  in exchange for an accelerated briefing schedule, which required NeuroGrafix to file its Opposition on Christmas Eve, Philips waived its right to submit a Reply brief.  While Philips has received the full benefit of the stipulation, Philips now seeks a Court order canceling the benefit to NeuroGrafix.  There can no reasonable question that the relief requested by Philips is prejudicial.

Accordingly, Philip's *Ex Parte* Application should be denied.

Dated:  December 28, 2012                     Respectfully submitted,

**RUSS AUGUST & KABAT**

By:  */s/ Andrew D. Weiss*
     Andrew D. Weiss

     Marc A. Fenster
     Alexander C. D. Giza
     Adam S. Hoffman
     Andrew D. Weiss

3

NEUROGRAFIX'S OPPOSITION TO PHILIPS' *EX PARTE* APPLICATION

Fredricka Ung
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff,
Attorneys for NEUROGRAFIX, NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., and IMAGE-BASED SURGICENTER CORPORATION

4

NEUROGRAFIX'S OPPOSITION TO PHILIPS' *EX PARTE* APPLICATION

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on December 28, 2012. Any other counsel of record will be served via First Class U.S. Mail on this same date.

By: /s/ *Andrew D. Weiss*

5

NEUROGRAFIX'S OPPOSITION TO PHILIPS' *EX PARTE* APPLICATION