# Ex. 2



12424

12TH FLOOR

LOS ANGELES
CALIFORNIA
90025

TELEPHONE
310.826.7474

FACSIMILE
310.826.6991

Andrew Weiss
aweiss@raklaw.com

December 18, 2012

Via Email

Michael A. Molano
Mayer Brown LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306

  Re: *NeuroGrafix, et al. v. The Regents of the University of California*
    Case No. 2:11-cv-07591-MRP-RZ

Dear Mike:

  I write with respect to Philips' motion to intervene filed in the above-styled litigation.

  As you are probably aware, all parties to the above-styled litigation have signed and filed a stipulation to dismiss the case pursuant to Fed. R. Civ. P. 41(a)(1).  D.I. 141 (filed Friday, December 14, 2012).  It is well settled law (both inside and outside of the 9th Circuit) that a dismissal pursuant to Fed. R. Civ. P. 41(a)(1) is effective on filing.  *See, e.g., Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999) ("[I]t is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it."); *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984) ("Caselaw concerning stipulated dismissals under Rule 41(a)(1)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval.").  Consistent with this law, a pending motion to intervene becomes moot after the filing of a stipulated dismissal.  *See, e.g., Eli Lilly & Co. v. Synthon Labs., Inc.*, 538 F. Supp. 2d 944, 947 (E.D. Va. 2008) (noting that parties have the right to dismiss a case pursuant to Fed. R. Civ. P. 41(a)(1) by agreement "even if a motion to intervene is pending and the potential intervenor objects"); *Mutual Produce, Inc. v. Penn Cent. Transp. Co.*, 119 F.R.D. 619, 620-21 (D. Mass. 1988) ("[O]nce the parties file their stipulations of dismissal, they become effective without any



Michael A. Molano
December 18, 2012
Page 2

action by the court. . . .  Intervenors were not named parties when plaintiffs and defendants filed their stipulations of dismissal, nor did their filing of a motion to intervene give them party status.").  Although Philips was aware of the settlement agreement between Plaintiffs and The Regents as well as the dismissal stipulation, Philips' motion to intervene does not reference these facts or explain how its motion is proper in light of these facts.

Philips' motion to intervene also does not refer to Plaintiffs' currently pending action against Philips in the District of Massachusetts or Philips' failed efforts to transfer the action to this Court.  Plaintiffs expect that Judge Pfaelzer will not appreciate Philips' intentional withholding of relevant and important facts in motion to intervene.

In any event, because the case has been dismissed pursuant to Rule 41(a)(1), Philips' motion to intervene, which was filed only one day prior to the filing of the stipulation of dismissal, is moot.  Accordingly, please withdraw Philips' motion immediately.  If Philips refuses to withdraw its motion, thus forcing NeuroGrafix to expend further time and resources briefing and arguing a meritless motion to intervene in a dismissed case, NeuroGrafix intends to request reimbursement of its attorneys' fees.

Sincerely,

Russ, August & Kabat

/s/ Andrew D. Weiss

Andrew D. Weiss